UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

BRITTANY HOLT and ASHLEY MECERA,

    Plaintiffs,

**JURY TRIAL DEMANDED**

v.

DYNAMIC F & B HOLDINGS, INC., a
Florida profit corporation d/b/a TARKS,
DYNAMIC F&B CONCEPTS, INC., a
Florida profit corporation d/b/a TARKS,
and TED F. ITZOE,

    Defendants.
_____/

**COMPLAINT FOR DAMAGES**

Plaintiffs, BRITTANY HOLT ("HOLT") and ASHLEY MECERA ("MECERA") by and through their undersigned attorney, file their Complaint for Damages against Defendants, DYNAMIC F & B HOLDINGS, INC.., a Florida for profit corporation d/b/a TARKS, (hereinafter 'HOLDINGS"), DYNAMIC F&B CONCEPTS, INC., a Florida profit corporation d/b/a TARKS, (hereinafter "CONCEPTS"), and TED F. ITZOE, (hereinafter "ITZOE"), and state as follows:

**INTRODUCTION**

1. This is an action to recover unpaid minimum wages and tips under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et. seq,* (hereinafter "FLSA"), and the Florida Minimum Wage Amendment, Article X, §24 of the Florida Constitution.

## JURISDICTION

2. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §1331, and 26 U.S.C. §7434.

3. At all times pertinent to this Complaint, the corporate Defendants, CONCEPTS and HOLDINGS were enterprises engaged in interstate commerce, respectively.

4. At all times pertinent to this Complaint, the corporate Defendants regularly owned and operated businesses engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s).

5. During all time periods set forth herein Defendants, CONCEPTS and HOLDINGS operated as a restaurant.

6. During all time periods set forth herein, Defendant, ITZOE operated a restaurant.

7. At all times material hereto, corporate Defendants, CONCEPTS and HOLDINGS, were and continue to be "enterprise[s] engaged in commerce" within the meaning of the FLSA.

8. Plaintiffs' work involved handling on a regular and recurrent basis "goods" or "materials," as defined by the FLSA, which were used commercially in Defendants' businesses, and moved in interstate commerce. Specifically, the Plaintiffs handled food and drinks each work day, which were originally manufactured outside the State of Florida.

9. Upon information and belief, during the relevant time period, the Defendants had an annual gross volume of sales made or business done of not less than $500,000.00.

10. During all time periods set forth herein, the Defendants had no less than 5 other employees handling, selling or otherwise working on goods or materials that had moved in or were produced for commerce. Those workers also handled food and drinks at the Defendants' restaurant, which were originally manufactured outside the State of Florida.

11. The Defendants are subject to the jurisdiction of this Court because they engage in substantial and not isolated activity within the Southern District of Florida.

12. The Defendants are also subject to the jurisdiction of this Court because they operate, conduct, engage in, and/or carry on business in the Southern District of Florida.

## VENUE

13. The venue of this Court over this controversy is based upon the following:

   a. The unlawful employment practices alleged below occurred and/or were committed in the Southern District of Florida and,

   b. Defendants were and continue to be a corporations and individuals doing business within this judicial district.

## PARTIES

14. At all times material hereto, Plaintiffs, HOLT and MECERA were residents of Dania Beach and Hollywood, respectively, Broward County, Florida and were "employee[s]" of the Defendants within the meaning of the FLSA.

15. During the time period set forth herein, corporate Defendants, CONCEPTS and HOLDINGS were conducting business in Dania Beach, Broward County, Florida, with their principal place of business in that city.

16. During the time periods set forth herein, Defendants, CONCEPTS, HOLDINGS and ITZOE continue to be "employer[s] within the meaning of the FLSA and the Florida Minimum Wage Amendment, Article X, §24 of the Florida Constitution.

17. At all times material hereto, Defendants, CONCEPTS, HOLDINGS and ITZOE were and continue to be "employer[s]" within the meaning of the FLSA and the Florida Minimum Wage Amendment, Article X, §24 of the Florida Constitution.

18. During all time periods set forth herein, Defendants, CONCEPTS, HOLDINGS and ITZOE, knowingly, willfully and maliciously failed to pay Plaintiffs, HOLT and MECERA their lawfully earned wages in conformance with the FLSA.

19. Defendants committed a willful, malicious and unlawful violation of the FLSA and, therefore, are liable for monetary damages.

20. At all times material hereto, the work performed by Plaintiffs, HOLT and MECERA was directly essential to the business performed by Defendants.

21. Plaintiffs, HOLT and MECERA have fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATEMENT OF FACTS

22. On about August 25, 2019, Plaintiff, HOLT was hired by the Defendants as a server at the Defendants' restaurant business. Her employment ended on about October 3, 2020.

23. On about June 3, 2019, Plaintiff, MECERA was hired by the Defendants as a server at the Defendants' restaurant business. Her employment ended in or about July 15, 2020.

24. During their employment, the Defendants required the Plaintiffs and other servers to surrender their tips to the Defendants on each work shift, and then the Defendants supervised a process which required the Plaintiffs and other servers to subsidize the wages of dishwashers, cooks, and/or other persons who were ineligible to receive Plaintiffs' tips, and were not customarily tipped employees.

25. Defendants knowingly and willfully operated their business with a policy of not paying wages in conformance with the applicable law, to the Plaintiffs.

26. The Defendants failed to satisfy all conditions precedent for taking an FLSA "tip credit" against Plaintiff's minimum wages.

27. The Defendants misappropriated the Plaintiffs tips in violation of the FLSA.

28. Defendants knowingly and willfully operated their business with a policy of not paying wages in conformance with the applicable law, to the Plaintiffs.

29. Defendant, ITZOE was a supervisor and or manager/owner who was involved in the day-to-day operations and/or was directly responsible for the supervision of Plaintiffs. Therefore, he is personally liable for the FLSA violations.

30. Defendant, ITZOE was directly involved in decisions affecting employee compensation and/or hours worked by Plaintiffs.

31. Plaintiffs have retained Bober & Bober, P.A. to represent them in this litigation and have agreed to pay the firm a reasonable fee for its services.

### STATEMENT OF CLAIM:

### COUNT I

### VIOLATION OF 29 U.S.C. § 206 (UNPAID MINIMUM WAGES)

32. Plaintiffs reallege Paragraphs 1 through 31 of this Complaint as if fully set forth herein.

33. Plaintiffs' employment with Defendants was to consist of a workweeks for which they were supposed to be compensated at or above the FLSA minimum wage.

34. 29 U.S.C. § 206 and requires that any employee covered by the FLSA be paid their minimum wages.

35. Defendants unlawfully availed themselves to an FLSA "tip credit."

36. The Defendants failed to satisfy all conditions precedent for taking a "tip credit" against the Plaintiffs' minimum wages.

37. The Defendants failed to lawfully inform the Plaintiffs about their intention to take a "tip credit."

38. The Defendants did not permit the Plaintiffs to retain all their tips, in violation of the FLSA.

39. The Defendants acted willfully.

40. As a direct and proximate result of Defendants' willful violation of the FLSA, Plaintiffs are entitled to liquidated damages pursuant to the FLSA.

WHEREFORE, Plaintiffs respectfully request:

a. judgment in their favor for all unpaid minimum wages due or payable;

b. liquidated damages;

c. attorney's fees and costs pursuant to the FLSA;

d. post-judgment interest;

e. recoupment of all tips which belonged to the Plaintiffs; and,

f. all other and further relief this Court deems to be just and proper.

## COUNT II

### VIOLATION OF ARTICLE X, § 24, FLORIDA CONSTITUTION

41. Plaintiffs reallege Paragraphs 1 through 31 as if fully stated herein.

42. Pursuant to Article X, Section 24 of the Florida Constitution Defendants were required to pay Plaintiffs at least the applicable Florida minimum wage.

43. During Plaintiffs' employment, Defendants paid them less than the statutory minimum wage for all of their work hours. The Defendants acted willfully and maliciously.

WHEREFORE, Plaintiffs respectfully requests that judgment be entered in their favor against the Defendants:

a. Declaring that Defendants violated Article X of the Florida Constitution, insofar as failing to pay Plaintiffs at or above the minimum wage;

b. Awarding Plaintiffs all back wages due and owing;

c. Awarding Plaintiffs liquidated damages in the amount equal to their back wages;

d. Awarding Plaintiffs reasonable attorney's fees and costs and expenses of this litigation;

e. Awarding Plaintiffs prejudgment and post-judgment interest;

g. Recoupment of all tips which belonged to the Plaintiffs, and,

h. Awarding such other and further relief this Court deems to be just and proper.

## COUNT III

### VIOLATION OF FLSA, §§203(m)(2)(B), 216(b) (TIP VIOLATION)

44. Plaintiffs reallege Paragraphs 1 through 31 as if fully stated herein.

45. Pursuant to Section 203(m)(2)(B) of the FLSA, "An employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit."

46. Furthermore, pursuant to Section 216(b) of the FLSA, "Any employer who violates section 203(m)(2)(B) of this title shall be liable to the employee or employees affected in

the amount of the sum of any tip credit taken by the employer and all such tips unlawfully kept by the employer in an additional equal amount as liquidated damages."

47. During their employment, ITZOE managed and supervised the Plaintiffs.

48. During the Plaintiffs employment, the Defendants required Plaintiffs to hand over their tips to the Defendants, who kept the Plaintiffs tips. This was a mandatory requirement under penalty of termination.

49. The Defendants used the tips collected from the Plaintiffs to pay cooks and dishwashers in an effort reduce Defendants' own payroll expenses.

50. The Plaintiffs were not able to lawfully retain all their tips as a result of the Defendants' willful actions.

51. The Plaintiffs seek damages insofar as all tips which they were required to put into Defendants' possession, for any reason.

52. The Plaintiffs demand liquidated damages.

WHEREFORE, Plaintiffs respectfully request:

    a. judgment in their favor for all tips kept by Defendants for any period of time, for any reason;

    b. liquidated damages;

    c. attorney's fees and costs pursuant to the FLSA;

    d. post-judgment interest;

    e. all other and further relief this Court deems to be just and proper.

## JURY DEMAND

Plaintiffs demand trial by jury on all issues so triable as of right by jury.

DATED:  December 1, 2020.

Respectfully submitted,

BOBER & BOBER, P.A.
Attorneys for Plaintiff
2699 Stirling Road, Suite A-304
Hollywood, FL 33312
Phone: (954) 922-2298
Fax: (954) 922-5455
peter@boberlaw.com
samara@boberlaw.com

By: /s/. Peter Bober
     PETER BOBER
     FBN: 0122955