UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CV-62449-SMITH/VALLE

BRITTANY HOLT, *et al.*,

    Plaintiffs,

v.

DYNAMIC F&B HOLDINGS, INC.,
*et al.*,

    Defendants.

_____/

## **REPORT AND RECOMMENDATION TO DISTRICT JUDGE**

THIS MATTER is before the Court upon the Joint Motion for Approval of Settlement Agreement and Stipulated Dismissal with Prejudice. (ECF No. 25) (the "Motion"). U.S. District Judge Rodney Smith has referred this matter to the undersigned "for purposes of conducting a fairness hearing." (ECF No. 23).

This case includes claims under the Fair Labor Standards Act ("FLSA") for alleged violations of the statutory minimum wage and overtime provisions. *See* 29 U.S.C. § 201 *et seq.*; (ECF No. 1). On April 9, 2021, both Plaintiffs filed a Notice of Settlement. (ECF No. 22). The instant Motion followed. (ECF No. 25).

Before the Court can dismiss this case and approve a settlement of the FLSA claims, the court must scrutinize the settlement and determine that it is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982). In doing so, courts consider various factors, including: (1) the possible existence of collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of the

plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of counsel. *See Leverso v. S. Trust Bank of Ala. Nat. Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994); *see also McHone v. Donald P. Hoekstra Plumbing, Inc.*, No. 10-CV-60322, 2010 WL 4625999, at *1 (S.D. Fla. Nov. 4, 2010); *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010). In the end, if the settlement reflects a reasonable compromise over FLSA issues that are actually in dispute, the court may approve the settlement "to promote the policy of encouraging settlement in litigation." *Lynn's Food Stores*, 679 F.2d at 1354.

Here, the parties have submitted the FLSA Settlement Agreement (the "Settlement Agreement") for review. The Court has scrutinized the terms of the Settlement Agreement and considered the above factors, the overall strengths and weaknesses of the parties' respective positions, and the parties' desire to resolve this case sooner rather than later to avoid the costs and uncertainty of litigation. The Court also considered that Plaintiffs' claims were disputed as to liability and amount and that all parties were represented by counsel. Lastly, the Settlement Agreement specifies the portion of the settlement amount to be paid to the Plaintiffs and the amounts designated for attorney's fees and costs. Accordingly, the Court finds that the Settlement Agreement is a fair and reasonable resolution of a *bona fide* FLSA dispute.

In addition, the Court has considered "the reasonableness of Plaintiff[s'] counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller,* 307 F. App'x 349, 351 (11th Cir. 2009). Having done so, the Court finds that the amount of the settlement proceeds attributable to Plaintiffs' counsel's legal fees is reasonable.

## **RECOMMENDATION**

Accordingly, for the reasons set forth above, the undersigned respectfully recommends that:

(i) The Motion (ECF No. 25) be **GRANTED** and the Settlement Agreement be **APPROVED**;

(ii) The case be **DISMISSED WITH PREJUDICE**; and

(iii) The Court retain jurisdiction for 30 days from the Court's ruling on this Report and Recommendation to enforce the terms of the Settlement Agreement.

Within seven (7) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. J. R. 4(b). Failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2020); *see Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE AND ORDERED** in Chambers, at Fort Lauderdale, Florida, on April 28, 2021.

_____
ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

cc: All Counsel of record